# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL NO. 1:07CV336

| | |
|---|---|
| TIMOTHY KIRK FOXX, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | **O R D E R** |
| ) | |
| THE TOWN OF FLETCHER, a ) | |
| municipality organized under the ) | |
| laws of North Carolina, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on Plaintiff's motion for reconsideration, motion to alter or amend judgment and/or motion for relief from the Court's rulings contained in the Memorandum and Order entered April 3, 2008.[1] Defendants have filed no response. For the reasons stated below, Plaintiff's motion is granted in part and denied in part.

Plaintiff makes two arguments for relief from the Memorandum and Order. Plaintiff moves the Court to reconsider the dismissal of his First Amendment claims against all Defendants under the United States and

---

[1] All claims for relief will be collectively referred to as "Plaintiff's Motion."

North Carolina Constitutions and to find that he has asserted a claim for punitive damages against Defendant Steve Morgan. [2]

Plaintiff seeks relief pursuant to Fed. R. Civ. P. 59 and 60 and Local Rule 7.1. **Plaintiff's Motion, at 1.** Relief under Rule 59, specifically 59(e), is available in limited situations "'(1) to accommodate [ ] intervening change[s] in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.'" ***Life Advocates, Inc. v. City of Asheville*, 197 F.R.D. 562, 562-63 (W.D.N.C. 2000) (quoting *Pacific Ins. Co. v. American Nat'l Fire Ins. Co.*, 148 F.3d 396, 402-03 (4th Cir. 1998)).** Rule 59(e) "may not be used to relitigate old matters" previously decided. ***Id.* at 563.** After consideration of the grounds for relief under Rule 59(e) and careful review of the Memorandum and Order, the Court cannot conclude that Plaintiff is entitled to relief. **See Memorandum and Order, filed April 3, 2008, at 20-25.** Accordingly, Plaintiff's claim for relief under Rule 59 is denied.

Rule 60 provides that a party may obtain relief from a judgment or order under limited circumstances. Under Rule 60(a)**,** the Court may

---

[2] The procedural and factual history is set out at length in the Memorandum and Order and will not be recounted herein except as necessary to resolve the current issues before the Court.

correct any clerical mistake, oversight or omission in the order. **Fed. R. Civ. P. 60(a).** The Court has carefully examined the Memorandum and Order and finds there is no oversight or omission justifying relief under Rule 60(a). *See* **Memorandum and Order,** *supra*. The Rule further provides that the Court may relieve a party from a final judgment, order or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

**Fed. R. Civ. P. 60(b).** The Court has carefully examined the Memorandum and Order and finds that there are no grounds to disturb the Court's previous ruling dismissing Plaintiff's First Amendment claims. Accordingly, Plaintiff's motion for relief under Rule 60(b) is denied.

Plaintiff moves the Court to find that he has alleged a claim for punitive damages against Defendant Steve Morgan. On review of Plaintiff's initial and amended complaints, Plaintiff seeks compensatory and

punitive damages against Defendant Langdon Raymond based on state law claims of assault and battery.  **See Complaint, at 31-32;** *see also* **Amended Complaint, at 31-32.**  Plaintiff also alleges that Defendants Raymond and Morgan falsely imprisoned him during a meeting at the Fletcher Police Department and seeks compensatory damages on this claim as well as "punitive damages for *Raymond's* outrageous conduct." *Id.* **at 32 (emphasis added).**  There is no allegation that the Defendant Morgan was guilty of similar "outrageous conduct" and Plaintiff does not specifically set forth a claim for punitive damages against Defendant Morgan in this claim, although Plaintiff surely could have done so.

However, Plaintiff does set forth a general claim for "Punitive Damages" incorporating all the previous allegations contained in the amended complaint, and alleging that all Defendants "acted with actual malice in their acts and omissions with respect to the Plaintiff [and] . . . acted corruptly, willfully, and wantonly, and outside the scope of their respective authorities against Plaintiff." *Id.* **at 33.**   Plaintiff contends this "catch all" claim for punitive damages against all Defendants is sufficient to include Defendant Morgan.  Under the Federal Rules, the Court is bound to construe the pleadings liberally "so as to do justice."  **Fed. R. Civ. P.**

**8(e)**. Further, "[e]ach allegation must be simple, concise, and direct. No technical form is required." **Fed. R. Civ. P. 8(d)(1)**. Therefore, the Court finds that while Plaintiff could have clearly set out a claim for punitive damages against Defendant Morgan as he did with Defendant Raymond under the claim for false imprisonment, Plaintiff's complaint does plead a claim for punitive damages against Defendant Morgan in the general claim for punitive damages. *See* **Complaint**, *supra*, **at 33.**

**IT IS, THEREFORE, ORDERED** that Plaintiff's motion to amend, alter, or for relief from judgment is **DENIED** as to Plaintiff's First Amendment claims under the Federal and North Carolina Constitutions.

**IT IS FURTHER ORDERED** that Plaintiff motion for reconsideration or relief to include a claim for punitive damages against Defendant Morgan is **GRANTED**.

Signed: May 20, 2008

Lacy H. Thornburg
United States District Judge