IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL NO. 1:07CV336

| | | |
|---|---|---|
| TIMOTHY KIRK FOXX, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | **O R D E R** |
| | ) | |
| THE TOWN OF FLETCHER, a municipality organized under the laws of North Carolina, *et al.*, | ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

**THIS MATTER** is before the Court on Plaintiff's initial and supplemental motions to compel discovery. **Motion to Compel, filed July 17, 2008; Supplemental Motion to Compel, filed July 18, 2008; Reply to Response to Motion, filed August 18, 2008.** The parties have filed their respective responses and replies and have resolved some of the discovery issues presented in Plaintiff's motions. The Court will, therefore, consider the remaining issues in contention.

Plaintiff seeks an order compelling the production by Defendant Town of Fletcher of the personnel files from former or current Town of

Fletcher employees, Police Officer John Munro, David Folsom, Matt Reid, Police Officer Kay Kimler, Police Officer Heather Edward (a.k.a. Heather Welch), former Administrative Support Specialist for the Fletcher Police Department Kasey Case, former Police Chief Antoine Ensley, and former Fletcher Police Department employee Tom Hughes.  Plaintiff contends these personnel files are relevant to his remaining claims and are reasonably likely to lead to the discovery of additional relevant and admissible evidence concerning those claims.  **Plaintiff's Reply to Defendants' Response, filed August 18, 2008, at 2**.  Defendants argue that the production of these personnel files are not relevant to Plaintiff's claims and made only for the purpose of embarrassing the named individuals.  **Defendants' Response to Plaintiff's Motion to Compel, filed August 4, 2008, at 5.**  Further, Defendant contends that Plaintiff could have taken the depositions of some or all of the above named individuals to ascertain their knowledge, if any, regarding his claims, but did not do so.  *Id.*  Plaintiff does not deny Defendants' assertion that one or all of these individuals could have been deposed.

Having considered the record and the parties' filings with regard to the motions to compel, the Court finds that John Munro is an employee of

the Town of Fletcher Police Department. Plaintiff has remaining claims against some or all of Defendants for negligent hiring, supervision and retention and Munro's alleged conduct could prove central to these remaining claims. Munro has not consented to disclosure of his personnel file in response to Plaintiff's requests. Potential evidence may be contained in Munro's personnel file that are relevant to Plaintiff's remaining claims. Therefore, the Court will order Defendant Town of Fletcher to release Munro's personnel file in accordance with the terms of the Consent Protective Order filed herein.

However, Plaintiff has failed to establish the need for an order releasing the remaining personnel files of the individuals named above. Plaintiff generally maintains that current or former Town of Fletcher employees David Folsom, Matt Reid, Kay Kimler, Heather Edward (a.k.a. Heather Welch), Kasey Case, Antoine Ensley, and Tom Hughes are potential witnesses that might testify against him and for the Town of Fletcher. Further, Plaintiff argues that their personnel files may contain information relevant to the remaining claims in this matter. This is insufficient to support the an order compelling the production of their private and confidential personnel files. Plaintiff has had ample opportunity

to take depositions of these witnesses in an effort to determine what, if any, knowledge they may have concerning Plaintiff's claims. Therefore, Plaintiff's motion to compel the production of these personnel files will be denied.

Plaintiff further contends that Defendants have refused to provide

> [I]nformation sought regarding matters that might have occurred sometime subsequent to Plaintiff's termination from Fletcher, including but not limited to any attempts to elicit any such testimony from Defendants and/or other witnesses deposed thus far and as to any minutes from closed sessions from Town of Fletcher Town Council meetings regarding the termination of Raymond's employment.

**Plaintiff's Reply,** *supra*, **at 7.**

The Federal Rules of Civil Procedure provide that a party may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. **Fed. R. Civ. P. 26(b).** Plaintiff's remaining claims are a Title VII retaliation claim and state law claims of assault, battery, false imprisonment, and the negligent hiring, supervising, and retaining Defendant Raymond and Officer Munro. **See Memorandum and Order, filed April 3, 2008, at 37-38.** Defendant Raymond has filed counterclaims against Plaintiff for defamation, intentional infliction of emotional distress, and malicious prosecution. **See Answer to Amended Complaint and**

**Counterclaim of Langdon B. Raymond, filed February 11, 2008, at 35-38.** Plaintiff is entitled to discover information relevant to Raymond's termination from employment with Defendant Town of Fletcher. "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." **Fed. R. Civ. P. 26(b)(1).** Defendants argue that:

> Although Defendant Town has produced Raymond's personnel file, Defendants counsel has objected to discovery into conversations that occurred in closed session with regard to Raymond's retirement on July 9, 2008, unless it was related to Plaintiff.

**Defendants' Response,** *supra*, **at 7.** Any information concerning Raymond's termination and/or retirement given in closed session may prove relevant to Plaintiff's remaining claims and defenses in this matter. Plaintiff has a Title VII claim against the Town of Fletcher and all Individual Defendants in their official capacities, along with pendent state law claims of negligence in hiring, retaining, and supervising remain against Defendants Town of Fletcher and Raymond in his official and individual capacity. The Court finds that such information within the possession of Defendant Town of Fletcher given in closed session between the Town of Fletcher and Raymond is discoverable and should be produced to Plaintiff

in accordance with the express terms of the Consent Protective Order entered herein.

**IT IS, THEREFORE, ORDERED** that Plaintiff's motion to compel the Defendant Town of Fletcher to produce the personnel file of John Munro is hereby **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's motion to order Defendant Town of Fletcher to produce the personnel files of current or former Town of Fletcher employees David Folsom, Matt Reid, Kay Kimler, Heather Edward (a.k.a. Heather Welch), Kasey Case, Antoine Ensley, and Tom Hughes is hereby **DENIED**.

**IT IS FURTHER ORDERED** that Defendants provide information relating to Defendant Raymond's termination and/or retirement and Plaintiff's remaining claims in this matter that is within the possession of Defendant Town of Fletcher.

**IT IS FURTHER ORDERED** that any disclosures that concern matters of a confidential nature shall be disclosed only under the express terms of the Consent Protective Order.

7

Signed: August 26, 2008

*[signature]*

Lacy H. Thornburg
United States District Judge