IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL NO. 1:07CV336

| | |
|---|---|
| TIMOTHY KIRK FOXX, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | **O R D E R** |
| ) | |
| THE TOWN OF FLETCHER, a ) | |
| municipality organized under the ) | |
| laws of North Carolina, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on Plaintiff's request for review and reversal of the Clerk's Taxation of Costs. No response thereto has been filed by the Defendants. For the reasons stated herein, the Clerk's Taxation of Costs is affirmed.

The relevant procedural history is set out at length in the Court's Memorandum and Order entered on December 3, 2008, and the same is fully incorporated herein. By the Judgment entered in this matter, the Court granted summary judgment to Defendants on Plaintiff's claims under Title VII, dismissing those claims with prejudice. The Court also declined

to exercise supplemental jurisdiction over the parties' respective state law claims and such were dismissed without prejudice.  **Judgment, filed December 3, 2008, at 1-2.**  On February 2, 2009, Defendants filed a Bill of Costs with the Clerk contending they were the prevailing parties under Rule 54(d)(1) of the Federal Rules of Civil Procedure and entitled to recover their costs from the Plaintiff.  **Bill of Costs, filed February 2, 2009 ("Defendants' Bill of Costs").**  Likewise, the following day, Defendant Raymond filed a separate Bill of Costs contending he was the prevailing party on his counterclaim against Plaintiff under Rule 54(d)(1).  **Bill of Costs, filed February 3, 2009 ("Raymond Bill of Costs").**  Plaintiff opposed the Defendants' requests for taxation of costs, arguing that such requests were premature (in regard to the claims dismissed without prejudice), that several of the depositions listed by the Defendants were "not necessarily obtained for use" in the case, that the costs incident to depositions (*i.e.*, appearance fees and travel fees) should not be taxable, that the costs of mediation should be disallowed, and the copying costs should be disallowed due to the fact they were not properly identified by Defendants and were associated with discovery.  **Plaintiff's Response in Opposition to Defendants' Requests for Taxation of Costs, filed**

**February 9, 2009.** On March 11, 2009, the Clerk entered a Taxation of Costs, granting in part the costs requested by Defendants, and taxing costs in the amount of $6,487.20. **Clerk's Taxation of Costs, filed March 11, 2009, at 10.** The Clerk also awarded an additional sum of $599.61 in costs to Defendant Raymond. *Id*. **at 11.** Plaintiff filed a timely request for review of the Clerk's Taxation of Costs on March 16, 2009. Defendants have not filed a reply to Plaintiff's motion or requested review of the Clerk's Taxation of Costs; the time to do so has expired.

A party requesting a review of the Clerk's Taxation of Costs may file a motion with the district court within five days after entry of the Clerk's order. **See Fed. R. Civ. P. (54)(d)(1); LCvR 54.1(E).** The Local Rules provide that the "Court's review of the Clerk of Court's action will be made on the existing record unless otherwise ordered." **LCvR 54.1(E)**. No party has requested to amend the record; therefore, the Court's review will be limited to the record before the Clerk.

In his request for review of the Clerk's order, Plaintiff incorporates his previously filed objections to Defendants' Bill of Costs, but does not specifically address any errors in the Clerk's order. **Plaintiff's Request**

for Review and Reversal of Clerk's Taxation of Costs, filed March 16, 2009, at 1.

The Court has examined the Defendants' respective requests for costs, the Plaintiff's objections thereto, the Clerk's Taxation of Costs, and Plaintiff's request for review. The Clerk's Taxation of Costs carefully examines each of Defendants' itemized requests and Plaintiff's response to each request, and cites the relevant law or Local Rule supporting the award of costs to the prevailing Defendants. After a *de novo* review of the Clerk's Taxation of Costs, the Court concludes that the award of Costs should be affirmed for the reasons set forth in that order.

**IT IS, THEREFORE, ORDERED** that Plaintiff's motion for review of the Clerk's Taxation of Costs is **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk's Taxation of Costs is **AFFIRMED.**

Signed: April 9, 2009

Lacy H. Thornburg
United States District Judge